## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | |
|---|---|
| LEE PIPKINS | CIVIL ACTION NO. 05-1180-LC |
| VS. | SECTION P |
| BURL CAIN, WARDEN | JUDGE MINALDI |
| | MAGISTRATE JUDGE WILSON |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus (28 U.S.C. §2254) filed by pro se petitioner Lee Pipkins on June 30, 2005. Pipkins is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the Louisiana State Penitentiary, Angola, Louisiana, where his is serving the life sentence imposed following his 1993 murder conviction in the Fourteenth Judicial District Court, Calcasieu Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### STATEMENT OF THE CASE

The petition, its accompanying memorandum and exhibits, and the published jurisprudence of the State of Louisiana establish the following relevant chronology:

1. On September 9, 1991, petitioner was indicted by the Calcasieu Parish Grand Jury on a charge of second degree murder. On February 10, 1993, he was found guilty as charged and on April 22, 1993, he was sentenced to serve life without parole.

2. His conviction and sentence were affirmed by the Third Circuit Court of Appeals on December 8, 1993. See *State of Louisiana v. Lee A. Pipkins*, 628 So.2d 1242 (La. App. 3d

Cir. 12/8/93).

3. Petitioner's application for writs was denied by the Louisiana Supreme Court on April 22, 1994. *State of Louisiana v. Lee Pipkins*, 94-0059 (La. 4/22/94), 637 So.2d 154.

4. Petitioner did not seek further direct review in the United States Supreme Court.[1]

5. On some unspecified date, petitioner filed an Application for Post-Conviction Relief in the Fourteenth Judicial District Court raising unspecified grounds for relief. This application was apparently denied. [See Doc. 1, Memo., "Pipkins filed a previous Application for Post-Conviction Relief."] It is uncertain whether or not petitioner applied for supervisory writs in the Court of Appeals following the denial of his first Application for Post-Conviction Relief, however, a review of the published jurisprudence confirms that he did not seek further review in the Louisiana Supreme Court.

6. On June 6, 2002, petitioner filed a second Application for Post-Conviction Relief. In this second application, petitioner alleged that "...the evidence used in his Application was not made known to him, nor his attorney, before, nor during trial." [Doc. 1, Memo., pp. 1-2; see Doc. 1, Exhibits p. 34]. In this second application petitioner raised a single claim, "Pipkin was denied the right to a fair trial when evidence of statistical date concerning systematic discrimination of minorities in Calcasieu Parish in violation of Pipkins Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article 1 & 2, 16 & 16 of the Louisiana Constitution." [sic] [See Doc. 1, Exhibits, p. 33]. On September 18, 2002, the district court found the application to be "...untimely filed pursuant to

---

[1] The undersigned conducted a search of the published Supreme Court jurisprudence and could find no opinions or orders involving the petitioner.

Article 930.8(2) of the [Louisiana] Code of Criminal Procedure." [Doc. 1, Exhibits, p. 34].

7. On October 11, 2002, petitioner sought writs in the Third Circuit Court of Appeals. That court denied writs on May 9, 2003, and found, "Relator filed his application after the time limitation set forth in La. Code Crim.P. art. 930.8 and he fails to prove any exception." [Doc. 1, Exhibits, p. 31].

8. Petitioner filed a writ application in the Louisiana Supreme Court. On July 2, 2004, the Court, citing *Deloch v. Whitley*, 96-1901, p. 1 (La. 11/22/96), 684 So.2d 349[2], and *Coe v. Bell*, 161 F.3d 320, 352-55 (6th Cir. 1998), denied writs. See *State of Louisiana ex rel. Lee A. Pipkins v. State of Louisiana*, 2003-1926 (La. 7/2/04), 877 So.2d 131.

9. Petitioner's *habeas* petition was signed and post marked on June 28, 2005, and received and filed in this court on June 30. Pipkins raises a single claim for relief, "Pipkins was denied the right to a fair trial when evidence of statistical data concerning systematic discrimination of minorities in Calcasieu Parish were withheld in violation of Pipkins Fifth, Sixth and Fourteenth Amendments to the United States Constitution." [Doc. 1, Memo., p. 3].

## LAW AND ANALYSIS

A. Time Bar

Petitioner's judgment of conviction and sentence "...became final by the conclusion of direct review or the expiration of the time for seeking such review..." in July, 1994, ninety days after the Louisiana Supreme Court denied writs on direct review. [See Supreme Court Rule 13;

---

[2] The case cited is reported as *Deloch v. Whitley*, 684 So.2d 349 (La.1996).

*Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999)(The state court judgment is not final for *habeas* purposes until the 90 day period for filing a *writ of certiorari* to the United States Supreme Court has expired.)]

The AEDPA, and the timeliness provision codified at § 2241(d), took effect on April 24, 1996. However, the limitation periods provided by the statute cannot be applied retroactively to bar claims by petitioners whose convictions were final prior to the effective date of AEDPA. *United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998). Such petitioners are afforded a one-year grace period, or until April 24, 1997, to file an application for writ of *habeas corpus* in federal court. *Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999); *Flanagan v. Johnson,* 154 F.3d 196 (5th Cir. 1998); *Villegas v. Johnson,* 184 F.3d at 469 (5th Cir. 1999); *Flores, supra*. If the petition is not filed within the one-year grace period, the courts are to apply the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2), which provides that the time during which a properly filed application for post-conviction relief was pending is state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Coleman, supra; Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).

Petitioner's second application for post-conviction relief was filed well beyond the expiration of the grace period afforded to petitioners whose judgments became final prior to the effective date of the AEDPA. He claims to have filed a post-conviction proceeding at some unspecified date prior to the date he filed his second application. Nevertheless, in order to have

4

tolled the limitations period, petitioner would have had to file his first application for post-conviction relief prior to the expiration of the grace period, and, that petition would have been required to remain pending until the date he filed his federal petition. This scenario is highly unlikely. In any event, even if it is assumed that his first application for post-conviction relief was properly filed and remained pending until the date he filed his second Application for Post-Conviction Relief (again, an unlikely scenario), his present habeas petition would still be untimely. As noted above, petitioner filed his second application for post-conviction relief on June 6, 2002. This application remained pending until July 2, 2004, when it was ultimately rejected by the Louisiana Supreme Court. Both the district court and the court of appeals concluded that this second application for post-conviction relief was untimely. Since petitioner's second state post-conviction application was determined to be time-barred under Louisiana law it was therefore not "properly filed" so as to toll the running of the limitations period. See *Pace v. DiGuglielmo*, — U.S. —, 125 S.Ct. 1807, 161 L.Ed.2d 669 (Apr 27, 2005) (A petitioner's state post-conviction petition, which was rejected by the state court as untimely under state statute of limitations, was not "properly filed," within the meaning of the statutory tolling provision of the AEDPA and thus could not toll the limitations period.)

Finally, even if the second application was sufficient to toll the limitations period, the undersigned notes that eleven months and twenty-six days elapsed between the date that petitioner's second post-conviction application was rejected by the Louisiana Supreme Court and the date he signed his present federal *habeas corpus* petition. It seems reasonable to conclude that another un-tolled week could be found between April, 1996 (when AEDPA became effective) and June, 2002 when the second application was filed.

Petitioner virtually concedes that his present petition is time barred when reckoned under the provisions of §2244(d)(1)(A). Anticipating rejection on that ground, his pleadings imply that the limitations period should be reckoned from the "date on which the factual predicate of the claim . . . could have been discovered." [see §2244(d)(1)(D)]. In support of this argument, petitioner suggests that the statistical evidence concerning discrimination in the selection and composition of Calcasieu Parish Grand Juries was wrongfully withheld from him. He claims that the statistical evidence relied upon in *State v. Langley*, 95-1489 (La. 4/3/02), 813 So.2d 356 "were never presented to Pipkins [sic] attorney by the State before, during, nor after trail proceedings. Pipkins, nor his attorney had this knowledge." [See Doc. 1, Memo., p. 4]. He is no doubt correct in his assertion that the statistical evidence relied upon by the petitioner in *Langley* was never provided to him by the State. Of course, this information was not presented to the petitioner in *Langley* either – he and his attorneys, discovered and compiled this evidence and presented it to the court as evidence in support of their eligibility for post-conviction relief. See *Langley*, 813 So.2d at p. 360: "At the first hearing date, <u>the defendant submitted</u> the race and gender of each of the 523 randomly-selected grand jury members, who actually served as grand jurors or alternates, and the 49 judge-selected grand jury forepersons for the twenty-two-year period. <u>The information was compiled by the defendant through a search of court minutes, voter registration lists, marriage and death certificates, and field interviews.</u> The State stipulated (1) to the authenticity of the records introduced by the defendant and (2) to the fact that the statistical information had been compiled from those records."

Clearly then, the "newly discovered evidence" that petitioner relies upon is simply evidence which was available through research into the public records of Calcasieu Parish.

6

Petitioner cannot rely upon such evidence to establish an exception to the AEDPA limitations period.

In short, all available evidence strongly suggests that petitioner's present habeas corpus application is barred by the limitations period codified at 28 U.S.C. §2244(d)(1).

### B. Procedural Default

The procedural default doctrine bars federal *habeas corpus* review when a state court declines to address a petitioner's federal claims because the petitioner has failed to follow a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991). "[I]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal *habeas* review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750-51. This doctrine ensures that federal courts give proper respect to state procedural rules. *Id.* Furthermore, the doctrine presumes that a state court's express reliance on a procedural bar functions as an independent and adequate ground in support of the judgment. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1996). However, a petitioner can rebut this presumption by establishing that the procedural rule is not strictly or regularly followed. *Moore v. Roberts*, 83 F.3d 699 (5th Cir. 1996). The burden in on the petitioner to show that a state did not strictly and regularly follow the procedural bar at the time pertinent to his state court action. *Stokes v. Anderson*, 123 F.3d 840, 843 (5th Cir. 1999); *Amos v. Scott*, 61 F.3d 333, 342, (5th Cir. 1995); *Sones*, 61 F.3d at 416. In bearing the burden, the petitioner must demonstrate that the state failed to apply the procedural

7

bar to claims which are identical or similar to the claims raised by him. *Stokes*, 123 F.3d at 860; *Amos*, 61 F.3d at 340.

The Louisiana Supreme Court dismissed petitioner's claim concerning discrimination in the selection of the grand jury citing *Deloch v. Whitley*, 96-1901 (La. 11/22/96), 684 So.2d 349 (erroneously cited as *State v. Deloche*). In *Deloch*, the Louisiana Supreme Court held, "All equal protection claims arising out of the selection or composition of grand juries in Louisiana remain subject to this state's procedural requirements. Counsel must assert the equal protection claim in a pre-trial motion to quash or waive any complaint in that regard." Louisiana's Supreme Court thus recognized that under Louisiana law, a challenge to the legality of the grand jury venire must be made by a pretrial motion to quash. La.C.Cr.P. art. 533 provides (in relevant part): "A motion to quash an indictment by a grand jury may also be based on one or more of the following grounds: (1) The manner of selection of the general venire, the grand jury venire, or the grand jury was illegal."

Art. 521 provides (in relevant part): "Pretrial motions shall be made or filed within fifteen days after arraignment [unless other provisions of law or the court allows otherwise for good cause]." Art. 535 provides (in relevant part): "A motion to quash on grounds other than those stated in Paragraphs A and B of this Article [which do not include challenges to the grand jury] shall be filed in accordance with Article 521... The grounds for a motion to quash under Paragraphs B and C are waived unless a motion to quash is filed in conformity with those provisions." The United States Fifth Circuit Court of Appeals has recognized that a state court's dismissal of a post-conviction claim based upon the above cited statutes, provides an "adequate and independent" state law ground prohibiting federal *habeas* review unless the federal *habeas*

8

petitioner demonstrates both cause for the procedural default and actual prejudice resulting from the violation of federal law. *Williams v. Cain*, 125 F.3d 269, 276 (5th Cir. 1997) *cert. denied*, 525 U.S. 859, 119 S.Ct. 144, 142 L.Ed.2d 116 (1998).[3] Finally, "[A] federal district court may, in the exercise of its discretion, raise a *habeas* petitioner's procedural default, *sua sponte* and then apply that default as a bar to further litigation of petitioner's claims." *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir. 1998).

It is clear that Louisiana's Supreme Court refused to address petitioner's grand jury claims because of his failure to file a pre-trial motion to quash.[4] Those claims are thus procedurally defaulted. When a state prisoner has defaulted on his federal claims in the state courts pursuant to an independent and adequate state procedural rule, he can avoid the bar of procedural default only if he can show (1) a miscarriage of justice exists (i.e. actual innocence)[5], *Gray v. Netherland*, 116 S.Ct. 2074 (1996); *Murray v. Carrier*, 106 S.Ct. 2639 (1986), or (2) "cause for the noncompliance" with state law and "actual prejudice resulting from the alleged

---

[3] "It is undisputed that Williams never filed a pretrial motion to quash, let alone a timely motion. Williams raised his claim based on the selection of the grand jury foreman for the first time during his state post-conviction proceedings. Therefore, under Louisiana law his claim is procedurally barred. *Deloch v. Whitley*, 684 So.2d 349, 350 (La.1996) (holding equal protection claim based upon discriminatory selection of grand jury foreman procedurally barred by defendant's failure to file a pretrial motion to quash)." *Williams v. Cain*, 125 F.3d 269 at 275, *cert.* denied, 525 U.S. 859, 119 S.Ct. 144, 142 L.Ed.2d 116 (1998).

[4] It is worth noting that the petitioner in *State v. Langley*, 95-1489 (La. 4/3/02), 813 So.2d 356, 358-9, was successful in preserving his grand jury claims because he timely filed a pre-trial motion to quash. As noted by the Court, "In 1992, a Calcasieu Parish Grand Jury indicted the defendant for first degree murder. Following a 1994 trial, a jury found the defendant guilty as charged, and unanimously sentenced him to death. On original hearing in *State v. Langley*, *supra*, this Court affirmed his conviction and sentence of death. In an unpublished appendix, we addressed <u>the defendant's claim that the district court had improperly denied without a hearing his pretrial motion to quash the indictment on grounds of racial discrimination generally in the selection of grand jury forepersons in Calcasieu Parish and specifically in the selection of the grand jury that had indicted him.</u>"(emphasis supplied)

[5] In order for a *habeas* petitioner to avoid a procedural bar by showing a fundamental miscarriage of justice, the petitioner must assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 478. *Corwin v. Johnson* 150 F.3d 467, 473 (5th Cir. 1998); *Glover v. Cain*, 128 F.3d 900, 904 (5th Cir. 1997); *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995).

9

constitutional violation." *Coleman*, 501 U.S. at 750 (*quoting, Wainwright v. Sykes*, 97 S.Ct 2497, 2505 594 (1972)).

The petitioner has not made a colorable showing of actual innocence nor has he shown cause and prejudice for his failure to properly raise the claims in state court. Thus, petitioner has failed to avoid the bar of procedural default.

The evidence of petitioner's guilt was overwhelming. The facts of the case as noted by the Third Circuit on appeal are as follows:

> On July 26, 1991, between 1:00 and 2:00 a.m., Lee Pipkins, defendant, went to Alison Boudreaux's trailer to discuss their ongoing problems. Defendant and Boudreaux, the victim, had a child out of wedlock. After the baby was born, defendant married Ester Pipkins. Defendant and the victim had a history of friction between them. The night of the homicide, defendant went with a knife to the victim's trailer. Defendant had a quiet discussion with the victim about their problems. As defendant rose to leave, his knife caught on the barstool and fell out of his pocket. Defendant testified that as he tried to leave, the victim attacked him. In the ensuing struggle the knife became unsheathed from its case, and defendant swung at the victim. The fight continued down the hall and into a bedroom. The record reflects conflicting testimony about the attack and the struggle.
>
> The victim's sister, Marilyn Sims, testified defendant raised his voice, saying, 'I guess I got to do what I got to do.' The victim called out to her sister; Sims ran into the room to find defendant standing over the victim with a knife in his hand. Sims testified defendant chased the victim down the hall with the knife. At that point, Sims left the trailer to get help.
>
> Mike Burns, a Lake Charles Police Officer, testified the defendant, when making his statement to police, did not remember how the stabbing occurred. The victim received numerous stab wounds and subsequently died. *State v. Pipkins*, 628 So.2d at 1243-44.

Further, even if the petitioner were able to establish cause by pointing to "some objective

10

factor external to the defense" which prevented him from properly raising the claim in state court, he would be unable to establish prejudice. Had petitioner been successful in having his indictment quashed, the State of Louisiana would have sought and obtained a second indictment. Given the evidence against the defendant, a successful challenge to the grand jury would have served no purpose other than to delay the inevitable. See *Pickney v. Cain*, 337 F.3d 542 at 545; see also *Sanders v. Cain*, 2003 WL 21920894 at *5 (E.D.La. 2003). In short, petitioner cannot show prejudice because he cannot show that "but for" his failure to file a timely motion to quash, the results of his trial would have been different. Where the petitioner has failed to show actual prejudice, federal courts should not consider procedurally defaulted equal protection claims. *Pickney v. Cain*, 337 F.3d at 546. Clearly then, petitioner's claim, in addition to being time barred, is procedurally defaulted.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d) and/or because petitioner's claims are procedurally defaulted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

**proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 8th day of September, 2005.

*[signature]*
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE